IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KENNETH MEDENBACH,                                          Civ. No. 1:17-cv-00751-CL

                    Plaintiff,

                                                     **REPORT AND RECOMMENDATION**

        v.

UNITED STATES DISTRICT
JUDGE MICHAEL MCSHANE, and
ASSISTANT UNITED STATES ATTORNEY
DOUGLAS FONG,

                    Defendant.

_____

CLARKE, Magistrate Judge.

        On May 12, 2017, Plaintiff Kenneth Medenbach, a self-represented litigant, filed a

Complaint (#1) purporting to assert claims against a judge of the District Court of Oregon, and

an Assistant United States Attorney for the same district. Plaintiff, despite having experience

filing numerous prior cases in federal court, failed to pay the filing fee or file an *in forma*

*pauperis* application for waiver of fees pursuant to 28 U.S.C. § 1915(a), as required by Local

Rule 3-4. Plaintiff also did not submit a civil cover sheet, as required by the same local rule.

        Generally, the Court construes pleadings by pro se litigants liberally. Additionally,

common practice in this district is to alert a self-represented litigant in writing of his or her

failure to comply with the local rules, and allow time for amendment or compliance. The Court

is respectful of this practice, and mindful of the high level of need for access to justice through the federal court system. A review of the Court's docket, however, reveals a different context for this case.

First, setting aside the issues of judicial and prosecutorial immunity, which are inevitable in a Complaint against a judge and federal prosecutor, Plaintiff seeks to challenge a sentence imposed by Judge McShane after his conviction for unlawful occupancy and unlawful camping, which required six months in custody and five years' probation. Additionally, Plaintiff's prayer for relief reveals his underlying request to require Judge McShane to "redue [sic] his vows, so to speak, and take the only oath of office allowed and required by the constitution, 'to be bound by oath to support the constitution' and redact the unconstitutional second oath to "understanding, agreeable to the constitution." Plaintiff has been pursuing and litigating his idea that federal judges swear an incorrect oath of office for over twenty years.

In 1997, the Ninth Circuit directly addressed the issue in an appeal of a criminal case by then-Defendant Medenbach, who was appealing his conviction and sentence for unlawful occupancy and unlawful camping on national forest lands. *United States v. Medenbach*, 116 F.3d 487 (9th Cir. 1997). In his appeal, Medenbach argued that the district court judge's oath of office was constitutionally deficient because the statutorily prescribed oath of office set out at 28 U.S.C. § 453 does not mirror the wording of the Constitution itself. The Constitution requires that "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath of Affirmation, *to support this Constitution.*" U.S. Const. art. VI, cl. 3 (emphasis added). The oath prescribed by statute requires that each federal justice or judge swear to "faithfully and impartially discharge and perform all the duties incumbent upon me ... *under the Constitution* and laws of the United States." 28 U.S.C. § 453 (emphasis added). Affirming

Medenbach's conviction, the Ninth Circuit held that the Constitution does not require that a judge swear verbatim to "support" the Constitution. Thus, it rejected Medenbach's claim that the district court judge's oath of office was deficient.

This holding has been reiterated to Plaintiff multiple times since that 1997 decision. *See, e.g., Medenbach v. United States of America*, Civ. No. 1:14-cv-0641-PA (D.Or 2014) (citing 116 F.3d 487, finding the same exact claim, brought generally against "all federal justices and judges" frivolous, and dismissing the case for lack of standing and lack of merit), Civ. No. 1:14-cv-00745-CL (D.Or 2014) (recommending dismissal of a separate but nearly identical Medenbach complaint for all the same reasons), Civ. No. 41-35880 (9th Cir. 2015), (finding the appeal of the same claim frivolous, denying *in forma pauperis*, and dismissing for failure to pay the required filing fees). Just last year, in *Mendenbach v. Brown*, Civ. No. 3:16-cv-1617-MO (D.Or 2016), the court reviewed the previously discussed cases and determined that the case at bar raised precisely the same issue, and found the merits were frivolous. That case also sought to challenge a criminal case[1] brought against Medenbach, which was on-going. The court determined this was "untenable."

Similarly, in this case, Plaintiff seeks to challenge his criminal sentence with a civil case, instead of filing a proper appeal of the sentence. He also continues to attempt to litigate the question of the judge's oath, which has been found to be a frivolous claim without merit numerous at least ten times in five different district court cases in the last three or four years, and twice by the Ninth Circuit since 1997. Due to the extensive repetitive, redundant, and frivolous litigation history, the Court recommends dismissal of the case at bar, and further recommends

---

[1] Medenbach moved multiple times in the criminal case, 3:16-cr-00051-BR-16, to have District Court Judge Anna Brown recused from the case for failure to swear the proper oath. *See e.g.,* Dkt. ##361, 364, 920, 921. The motions were all denied for the same reasons discussed above. *See* Dkt, ##440, 932 ("As the Court has previously pointed out to Medenbach, minor variations in the phrasing of the oath of office does not deprive this Court of jurisdiction.").

that the district court consider entering a pre-filing order for Mr. Medenbach, which would require him to submit his filings to chambers for review prior to allowing the Clerk's Office to docket each filing.

## RECOMMENDATION

Plaintiff's Complaint (#1) should be dismissed, and a pre-filing order should be imposed.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of May, 2017.

MARK D. CLARKE
United States Magistrate Judge